2:21-cv-4055 SECP

RECEIVED

NOV 1 9 2021

TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

EKABAL PAUL BUSARA, REG # 40683-050,
   Plaintiff,

v.                                  (ACTION UNDER THE FEDERAL TORT CLAIM ACT)

UNITED STATES OF AMERICA,
   Defendant.

---

## MOTION UNDER THE FEDERAL TORT CLAIM ACT

---

Comes now, Ekubal Paul Busara, the Plaintiff, pro se and incarcerated, to respectfully submit his Motion Under the Federal Tort Claim Act, pursuant to 28 U.S.C. Sections 1331; 1346(b); 2401(b); and 2675(a).  The United States Supreme Court holds allegations of a pro se complainant to less stringent standards than formal proceedings drafted by attorneys who are licensed to practice law by a state bar association.  See Haines v. Kerner 404 U.S. 519, 520 L.2d 82, 92 S. Ct. 594 (1972).  See also Erickson v. Pardus, 551 U.S. 89, 99 (2007).  If it pleases the Court, filings of a pro se litigant must be construed more liberally than those prepared by an attorney of record.

---

Respectfully Submitted to the Court on this _17_ day of November, 2021.

Ekubal Paul Busara,
Pro Se Litigant
Reg. 40683-050
Federal Correctional Institution
P.O. Box 5000, FCI 1
Oakdale, LA 71463

## COMPLAINT

This is a civil action to remedy the negligent acts of the defendant under the Federal Tort Claim Act ('FTCA').

## JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. Sections 1331, 1346(b), 2401(b) and 2675(a). The Western District of Louisiana is the proper venue for this motion, as the event or events which form the basis for this Action occurred in same district.

## PARTIES

1.) Ekubal Paul Busara, the Plaintiff, is presently incarcerated at FCI 1, Oakdale Federal Correctional Complex; Oakdale, LA.
2.) The United States of America, the Defendant, represents several federal Officials as outlined below:
A.) Warden Rodney Myers, and others who are presently unknown at this time due to limited discovery. At all times mentioned herein the Defendants were acting in their official capacity.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Plaintiff has exhausted his administrative remedies pursuant to 28 U.S.C. Section 2675(a). The Plaintiff recieved notice of denial of his instant claim from Federal Bureau of Prisons ('FBOP') Regional Counsel on September 10, 2021. Specifically, the reason provided to the Plaintiff for this denial is that the Regional Counsel found that, "there is no evidence to substantiate that [the Plaintiff's injuries] occurred due to a negligent act or omission of a FBOP employee acting within the scope of his or her office or employment." Attached hereto as Exhibit A.

## FACTS

1. On January 31, 2020, the FBOP issued an action plan to address the COVID-19 pandemic. The action plan recommended screening all new inmate arrivals to the FBOP for COVID-19 risk factors and symptoms using a provided screening questionaire. However, Warden Myers did not implement those guidelines until February 26, 2020. Warden Myers did not promptly implement those guidelines as instructed.

See Exhibit B, Dept. of Justice, Office of the Inspector General, Pandemic Response Report: Remote Inspection of Federal Correctional Complexes Oakdale and Pollock; published November 2020.

2. On February 29, 2020, FBOP issued an updated Guidance for COVID-19, which recommended screening staff with potential risk factors, and that the Warden educate staff about COVID-19. However, the executive staff did not conduct a town hall meeting regarding until March 11, 2020. (Ex. B, at 3.)

3. On March 10, 2020, an Oakdale Education Department staff member had returned to the institution, after traveling to New York City. However, that staff member was not screened prior to or after returning to work, or instructed to quarantine. The next day, March 11, that same staff member complained of illness. After Oakdale confirmed its first case of COVID-19 on March 21, 2020, contact tracing indicated a common nexus with the institution's Education Department. Furthermore, the first inmate to die from the virus at the institution was an assistant to the same staff member. (Ex. B, at 3.)

4. On March 13, 2020, FBOP directed Warden Myers to immediately implement modified operations to maximize social distancing in the FCI 1 facility, to the extent practicable. Those directives included the staggering of meal times and recreation time in order to limit congregate gatherings. Said directives were not implemented by Warden Myers until March 16, 2020. As of March 17, 2020, Oakdale staff were inquiring whether the Education Department's access should be limited to reduce potential cross-contamination among inmates and staff; those inquiries received no response. An Oakdale Correctional Employee union official then also contacted Warden Myers by email, requesting that the Education Department cease all operations due to risk of cross-contamination. (Ex. B, at 5-6.)

5. On March 21, 2020, FCI 1 Oakdale was placed into a facility-wide lockdown, restricting inmates to their cells or housing units. Under the Warden's watch and order, inmates were relocated from Oakdale's Eva Housing Unit, into the Vernon Housing Unit -where the Plaintiff was being housed- in order to create a Quarantine Unit (in the Eva Housing Unit). None of those inmates displaced from Eva Housing Unit, which had the first identified inmate cases of COVID-19, were tested for viral infection, prior to their being relocated into the Vernon Housing Unit. This uncontrolled movement of inmates led to the Plaintiff's exposure and infection by the COVID-19 virus. Oakdale also did not begin conducting widespread testing until mid-May 2020. (Ex. B, at 13.)

6. Lastly, on May 20, 2020, an Oakdale Correctional Employee union representative filed an Occupational Safety and Health Administration ('OSHA') complaint against Warden Myers, for failing to isolate and quarantine known infection cases of COVID-19 among custodial inmates, until several days after their infection statuses were determined through available testing; this resulted in Warden Myers being relieved of his duties as Warden. (Ex. B, at 13.)

See Exhibit C, OSHA complaint and associated press release, filed by AFGE Local 3957 President Corey Trammel; dated May 20, 2020.

## LEGAL CLAIM

7. Warden Myers, as former Warden of Federal Correctional Complex Oakdale, had a duty to conform the operations of the institution to that of the FBOP Guidelines and Directives, regarding pandemic protocols. Warden Myers consistently failed to implement those guidelines and directives in a reasonable or timely manner. As a result of Warden Myers's negligence in performing his duties, the Plaintiff sustained life-altering injuries, as will be described below. The Plaintiff's injuries are a direct result of Warden Myers's failure to promptly adhere to FBOP's guidance and directives.

## BASIS FOR DAMAGE CLAIMS SOUGHT

8. As a result of Warden Myers's negligence, the Plaintiff contracted COVID-19 and was subsequently hospitalized, on March 28, 2020. During his hospitalization, the Plaintiff was placed onto a mechanical ventilator for 35 days, and placed into a medically induced coma for 45 days. Thereafter, the Plaintiff required resuscitation on at least three (3) occasions; two months after emerging from his coma, the Plaintiff required several months of inpatient therapies to regain the ability to speak and walk.

9. Following his survival with COVID-19 infection, the Plaintiff has experienced permanent damage to his vital organ and cognitive functions, which will likely cause him to be physically disabled for the rest of his natural life; the Plaintiff will also likely require specialized medical care and treatment to manage the aftereffects of his harrowing infection, also for the remainder of his natural life. These injuries are the basis for Compensatory and Punitive damages sought, herein.

It is noted that those records submitted are limited for purposes of initial filing; the Plaintiff's full documentation may be excessive to local filing rules due to volume, his COVID-19 hospitalization and treatment records now consisting of thousands of pages. Additional records verifying the Plaintiff's injuries and resulting chronic conditions are available for Discovery purposes, upon request of the Court. See Ex. C Plaintiff's relevant health records.

10. It is also respectfully requested that the Court grant the Plaintiff leave to Amend this complaint, to reflect recent discovery of additional medical injury to the Plaintiff's heart and lung function, since the time of his original filing with FBOP Regional Counsel, pursuant to the FTCA; the Plaintiff's damages claim amount remains as originally submitted. (See Ex. D.)

## REQUESTED RELIEF

11. Wherefore, the Plaintiff prays that this Honorable Court finds in favor of the Plaintiff and enter judgment against the Defendant, awarding the Plaintiff $3,500,000.00 dollars in compensation for his injuries, pain and suffering, interest, cost and any such further relief that this Court deems fair and just.

## VERIFICATION

I, Ekubal Paul Busara, do hereby certify under penalty of perjury that the foregoing statements made herein are true and correct to the best of my knowledge. See 28 U.S.C. Section 1746. Executed in Oakdale, LA on this ___ day of November, 2021.

Respectfully Submitted,

Ekubal Paul Busara,
Pro Se Litigant
Reg. 40683-050
Federal Correctional Institution
P.O. Box 5000, FCI 1
Oakdale, LA 71463

## CERTIFICATE OF SERVICE

I hereby certify that I, Paul Ekubal Busara, have submitted a true and correct copy of the following, "Motion Under the Federal Tort Claim Act," with the Clerk of the Court, Western District of Louisiana, Shreveport Division, United States Courthouse, 300 Fannin Street, Suite 1167, Shreveport, LA 71101.

Respectfully submitted on this __17__ day of November, 2021.

Ekubal Paul Busara,
Pro Se Litigant
Reg. 40863-050
Federal Correctional Institution
P.O. Box 5000, FCI 1
Oakdale, LA 71463

Exibit A :    BOP Regionel Counsel Denial Letter

Exibit B :    Copy of OIG Inspection report on FCC Oakdale Prison

Exibit C :    Medical records ( add new matrial )

Exibit D :    OSHA Complanits Attachment