UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **EKABAL PAUL BUSARA** | **DOCKET NO. 21-CV-04055** |
| **REG. # 40683-050** | **SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **USA, ET AL** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a complaint filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, by Ekabal Paul Busara (doc. 1), who is proceeding *pro se* and *in forma pauperis* in this matter. Busara is an inmate in the custody of Federal Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana (FCIO).

This complaint has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that all claims against Rodney Myers and "Unknown Defendants" be **DISMSSED**.

### I.
#### BACKGROUND

Plaintiff filed the instant suit alleging that Warden Myers and FCIO staff failed to implement COVID-19 guidelines, and, as a result of their negligence, plaintiff contracted COVID-19 and was hospitalized. Plaintiff names the United States of America, Rodney Myers and "Unknown Defendants" as defendants. Rodney Myers and "Unknown Defendants" are not proper defendants to a FTCA claim.

## II.
## LAW & ANALYSIS

### A. FTCA

The United States is immune from tort suits, except to the extent that it waives that immunity. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). One such waiver is the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, which provides the exclusive remedy for damages for injury, death, or loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *Id.* at § 2679(b)(1). Accordingly, a plaintiff seeking relief under the FTCA files his tort claims <u>directly against the United States</u>, rather than the individual government actor. *See Carlson v. Green*, 100 S.Ct. 1468, 1472–73 (1980) (distinguishing between an FTCA action and a *Bivens* suit).

Accordingly, a plaintiff seeking relief under the FTCA files his tort claims directly against the United States, rather than the individual government actor. See *Carlson v. Green*, 100 S.Ct. 1468, 1472–73 (1980) (distinguishing between an FTCA action and a *Bivens* suit).  Here, in addition to naming the USA, plaintiff names prison officials as defendants.  The agents are not proper defendants to a FTCA claim. *See Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988).     Accordingly, all claims against defendants Rodney Myers and "Unknown Defendants," should be dismissed.[1]

---

[1] Claims against the United States of American are addressed in a separate order.

## III.
### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that all claims against Rodney Myers and "Unknown Defendants" be **DISMSSED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 18th day of March, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE